MONCURE, P.,
delivered the opinion of the court.
The claim in controversy in this case is a claim of the appellant, James W. Preston, under John M. Preston as assignee of a bond of the appellee, Grayson County, for the sum of twelve hundred dollars, dated on the 27th day of September, 1860, payable on the 1st day of November, *1861. and given in pursuance of an order of the county court of said county, made on the 24th day of July, 1860; which said sum was a part of the sum subscribed by said county towards the construction of “The Wilson Creek and South Fork Turnpike Company,” to which company, as obligee, the said bond was made payable. The main defence relied on in the court below was, that payment of the amount of the bond had been made by the obligor, the appellee, Grayson County, to the obligee, “The Wilson Creek and South Fork Turnpike Company” *171 aforesaid, without having received notice of the assignment of said bond either from the said assignee, John M. Preston, or from any other source.
The said defence was sustained by the judgment of the court below, and the question we now have to decide is, whether there be error in that judgment which requires its reversal, or whether it must not be affirmed.
The law involved in the case can admit of no controversy. It is too well settled, and has been too long established to require even the citation of authority to sustain it. That law is, that payment by an obligor to an obligee of the amount of a bond which has been assigned, the obligor having no notice of such assignment at the time of such payment, is a valid payment and discharge of the debt. This proposition of law was not. and could not be controverted in the argument.
The only controversy in the case, therefore, is one of fact, viz: Whether payment of the bond was in fact made by the obligor to the obligee; and if so, whether at the time of such payment the obligor had notice of the prior assignment of the bond to John M. Preston.
We think it clearly appears from the record that such payment was in fact made, and made without notice on the part of the obligor at the time of such payment that the bond had been assigned to John M. Preston.
*On the 7th day of April, 1875, the appellant presented his said claim for allowance to the board of supervisors of Grayson County, on consideration whereof the said board refused to allow said claim or any part thereof. From which decision of the board an appeal was taken by the appellant to the county court of said^ county. On the 23d of November, 1875, the judge of said court being so situated as to render it improper, in his opinion, for him to preside at the trial of said appeal, on motion of the appellant it was ordered that the cause be removed to the circuit court of Grayson County for trial, and the clerk of the countv court was ordered to certify the same to the clerk of the circuit court, together with the papers in the cause. On the 7th of July, 1876, on the motion of the defendant, the appellee, Grayson County, it was ordered by the said circuit court that the issues in the cause be: First. Whether or not the bond has been paid by the defendant to the plaintiff or to any one under whom he claims. Second. Whether or not the plaintiff’s right to recover the money mentioned in the bond has been barred by a former judgment. Third. Whether the said bond is the bond of the defendant. On the 2d of July, 1877, the parties by their attorneys, by consent, submitted all matters of law and fact to the judgment of the said circuit court, which, having fully heard the evidence and argument ' of counsel, took time to consider thereof. And on the 6th day of July, 1877, came again the parties by their attorneys, and the court having maturely considered the transcript of the record, the testimony of witnesses and the argument of counsel, was of opinion that there was no error in the judgment and decision of the supervisors aforesaid, and affirmed the same with costs to the appellee. From that judgment of the said circuit court the appeal to this court, now under consideration, was obtained.
Upon the trial of the cause in the said circuit court, two *bills of exceptions were taken by the appellant to opinions of the court given against him. On these two bills the only questions presented for our decision by the record arise. All the evidence introduced on the trial on either side is set out in these two bills, and the question arising on the second of them, is whether, according to the said evidence, regarding it all to be admissible, there is any error in the judgment. The question arising on the first is as to the admissibility of certain of the evidence. We will consider, in the first instance, the question arising on the second of these bills, to-wit: Whether, upon the whole evidence, regarding it all as admissible, there is any error in the judgment. In other words, whether, upon the whole evidence, so regarded, the said bond was paid by the appellee and obligor. Gray-son County, to the obligee, The Wilson Creek and South Fork Turnpike Company, without notice of the prior assignment of the bond- to John M. Preston, the circuit court having given judgment for the defendant on the issue joined on the plea of payment, though deciding for the plaintiff on the two other issues aforesaid.
Regarding all the evidence as admissible, we cannot see how there can be any doubt upon the question. The evidence shows conclusively that on the 24th day of July, 1860, an order was made by Grayson County court for the execution of the bond in question, which was accordingly thereafter exeecuted. On the day after that order was made, to-wit: on the 25th day of July, 1860, there was a levy made by Grayson County court for twelve hundred dollars, for Wilson Creek and SouthFcrkturnpikeroad, which was intended to be in payment of the bond for the sum directed by the said order made on the previous day, to be executed as aforesaid. The evidence shows why the levy was made on that day instead of being postponed for a year, as some of the justices seem to have preferred. Tt was competent for *the county, of course, to anticipate the time of payment if the levy should be ready for payment before the bond should become payable. In that case the matter could be adjusted by a discount of interest. The money may have been due by the county when the bond was executed, and the time given on the bond may have been matter of accommodation to the county, as it doubtless was. But whether so or not, the county had a right to anticipate the day of payment of the bond. By making the levy a year later than it was made, the money might not be ready in time. The bond was executed on the 27th of September. 1860, and was passed by the obligee to John M. Preston on the second of October, 1860.
*172 It is not pretended that John M. Preston ever gave any notice to the county of the assignment of the bond to him, as he certainly ought to have done if he desired to make the county liable to him. He knew very well that the mode of payment of the debt by the county would be by levy, and that without such notice the levy would be in favor of the obligee, and that payment of the money would necessarily be made by the sheriff of the county to the obligee unless notice of the assignment should be previously given to the sheriff. The assignee was therefore egregiously in fault in not having given such notice if he desired to hold the county liable to him. In fact he seems to have credited entirely the turnpike company aforesaid. He was deeply interested in that work and had contributed to its execution, and was willing further to contribute thereto by advancing the amount of this bond to the company, and holding the bond only as collateral security of a promise made him by the company, and assigned to him in its stead state bonds which it expected to receive. Therefore, at the time this bond was passed to him by the company an assignmént was given to him in these words:
*“October 2, 1860.
“I have this day passed to John M. Preston a bond on the County of Grayson for twelve hundred^ dollars, in payment of a debt due to said Preston for money ’loaned to The Wilson Creek and South Fork turnpike road;'the bond on Grayson County is due the 1st day of November, 3861. And I hereby agree and promise to lift said bond as soon as I receive some state bonds on the state of Virginia.
“(Signed) W. C. Parks, President.”
At the same time said Preston executed a receipt for the bond in these words:
“October 2, 1860.
“I have this day received from Colonel W. C. Parks, president of The Wilson Creek arid South Fork Turnpike Company, a bond on the County of Grayson for $1,200, due the 1st day of November, 1861, which I am to_ hold until said Parks, president. &c.. receives some 'bonds from the state of Virginia to enable him to pay to me a debt due for money loaned said company, agreeable to a written agreement.
“(Signed) John M. Preston.”
It was upon this latter promise that Mr. Preston no doubt mainly relied, and not on the idea of getting the money from the county. Had he purchased a bond of the county and looked to it for payment, he would doubtless have forthwith notified the county of the assignment. But he confidently looked to the company to get the state bonds and pass a sufficient amount of them to him to cover the amount of the county bond. But he was disappointed in that expectation. No bonds seem to have been obtained from the state, no doubt because of the trouble in which the state soon thereafter was involved. At all events, there is no proof of any notice to the county of assignment of its bond to Pr.eston. And *on the 14th of January, 1861, the sheriff of the county, or his deputy, being ready to pay the levy, accordingly paid it to the said company, taking from its treasurer a receipt in these words:
“Received of William R. Baker, D. S., twelve hundred and twelve dollars, payment in full on the claim allowed by the county court to The Wilson Creek and South Fork Turnpike Company for the year 1860.
“(Signed) W. G. Young, “Treasurer of the W. C. & S. F. T. P. Co.
“January the 14th, 1861.”
The record shows no trace of any claim against the county on account of the said assignment to Preston, from the date thereof, to-wit: October 2, 1860, until July 2, 1869, nearly nine years, when the appellant presented the said bond to the county court of said county, and moved said court to make a levy for the same, with interest in his favor, which motion the said court overruled and refused to lay the said levy. To which op'nion and judgment of the court the appellant excepted. And in the bill of exceptions it is 'expressly stated that “it appears to the court, that on the 25th day of July, 1866, a levy was made by the court for $1,200, foi the road mentioned in the bond, and which amount went into the hands of the sheriff of Grayson County, and which amount, the court is of opinion, was to pay said bond.” Notwithstanding the said bill of exceptions, no appeal appears to have been taken from the said judgment of the countv court in July, 1869, and no further demand appears to have been made by the apoellant againstJhe county on account of said bond until the 7th day of April, 1875, nearly six years after said judgment, and more than fourteen years after said assignment, when the *claim was presented to the board of supervisors as before stated.
We deem it unnecessary to set out the evidence in this case to show that the fact is as before stated in regard to the payment of the bond to the obligee without notice of the assignment. Such is the plain meaning of the evidence, construed in the ordinary way. But construed as it must be in an appellate court revising a judgment of an inferior court, on evidence which is certified in a bill of exceptions to the judgment, there can be no room for question.
We are therefore of opinion that the circuit court did not err in giving judgment for the defendant on the plea of payment. We do not admit that judgment ought not to have been given for the defendant on the plea of “former judgment;” but it is unnecessary to decide that question in this case.
The only remaining question is, whether the court below erred in not excluding the answer of G. W. Cornett as' evidence in the case, as stated in the first bill of exceptions. It seems to be only necessary to state th.e case as presented by the record to show that there is no error in the judgment in *173 this respect. The witness, Cornett, stated that in 1860 he was commonwealth’s attorney for Grayson County; that as such he was present in that year when the county levy was laid by the county court, on the 25th July, and also on the day before, when the order was made for the issue of the bond in controversy; that a majority of the justices were present on both days, but that most of them were assembled to lay the levy in an upstairs room, whilst the residue were sitting in court, and that the full court was only present in the court-room when the levy had been agreed on and was reported and finally voted; that whilst the consultation in the up-stairs room was in progress, witness was called in to advise the said justices, and did so, and then said Cornett was asked *the following question: “Will you state what the levy of $1,200 to The Wilson Creek and South Fork turnpike road laid by the county court of Gray-son, on the 25th July, 1860, was made to pay; and if you know for what, please state your means of knowledge?” To which question the witness answered that he knew said levy had been laid to pay off the bond which the order of the day before had authorized to be issued, and that he knew this because one of the points of discussion in the consultation aforesaid had been whether a levy to pay said bond should be made in the year 1860, or be deferred till the year 1861, and that as to this point mainly, he had been called upon for his advice; that there were two parties, some for an immediate levy and some for deferring it, &c.; that he had advised an immediate levy, because the other expenditures to be levied for that year were less than they had been, and since the levy had to be made — since it was understood that no further call on the county would be made by the company —it was better to make it and be done; which advice prevailed. Whereupon the plaintiff excepted to said answer as an attempt to vary the effect of the record by inconsistent parol testimony, and moved the court to disregard said answer, but the court overruled said exception and received said answer as proper evidence; to which opinion and action of the court the plaintiff excepted.
We can see nothing in this answer which is at all inconsistent with the record, or which can properly be considered as an attempt to vary the effect of the same. Upon the whole we are of opinion that there is no error in the judgment, at least to the prejudice of the appellant, and that the said judgment ought to be affirmed.
Judgment affirmed.